UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY JACKSON,

        Petitioner,

  - v -                                      9:07-CV-293
                                                (TJM/RFT)
RICHARD POTTER, Acting Superintendent,

        Respondent.

_____

**THOMAS J. McAVOY,**
Senior United States District Judge

# DECISION & ORDER

## I.   INTRODUCTION

This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to the Hon. Randolph F. Treece, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4. Magistrate Judge Treece's Report-Recommendation and Order recommends that the petition be denied and that no certificate of appealability be issued. See Rep. Rec. & Order [dkt. # 12]. Petitioner Gregory Jackson has filed objections to the Report-Recommendation and Order. See Obj. [dkt. # 14].

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or

1

specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).[1] After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Petitioner's general objection "to each and every aspect of the Report and Recommendation" is reviewed for clear error. The Court finds no clear error in Magistrate Judge Treece's report relative to Petitioner's challenge to the sufficiency and weight of the evidence, Rep. Rec. pp. 6-10, and to the claim alleging that Petitioner was subjected to an unconstitutionally harsh and excessive sentence. Rep. Rec. pp. 10-12. Therefore, the Court adopts the recommendation relative to these issues.

---

[1] The Southern District wrote in Frankel:

> The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

Petitioner has filed specific objections relative to his ineffective assistance of counsel claims. In this regard, he argues that he has stated cognizable ineffective assistance of counsel claims because trial counsel (1) failed to conduct adequate pre-trial investigation of the fingerprint evidence, and (2) failed to consult or retain a "fingerprint expert" to counter the prosecution's fingerprint evidence. Petitioner argues that Magistrate Judge Treece erred in recommending that these ineffective assistance of counsel claims be dismissed because they fail under the second prong of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court reviews these claims *de novo.*

The New York State Supreme Court, Appellate Division, Third Department, affirmed petitioner's conviction and sentence on direct review, and the New York State Court of Appeals denied Petitioner leave to appeal. See People v. Jackson, 25 A.D.3d 1012 (3rd Dept), lv. denied, 6 N.Y.3d 849 (2006). In affirming the conviction, the Appellate Division rejected Petitioner's ineffective assistance of counsel argument, writing:

> Finally, we turn to defendant's motion pursuant to CPL 440.10 and his contention that he did not receive the effective assistance of counsel. Since the alleged errors by counsel are not dependent upon nonrecord facts, Supreme Court properly decided the motion without a hearing (see People v Satterfield, 66 NY2d 796, 799 [1985]). Defendant contends that his attorney should have requested a pretrial hearing regarding the admissibility of the fingerprint evidence and obtained the services of a forensic expert to assist the defense. No viable basis has been shown for precluding the fingerprint evidence and the decision regarding an expert does not rise to the level of ineffective assistance under the circumstances of this case (see People v Jurgensen, 288 AD2d 937, 938 [2001], lv denied 97 NY2d 684 [2001]). Counsel pursued a strategy of attempting to discredit the fingerprint evidence through cross-examination and producing as a witness for the defense a neighbor who reported to police a person in the vicinity of the burglary who clearly did not fit defendant's description. "Hindsight disagreement with trial strategy or losing tactics must not be confused with true ineffectiveness of counsel" (People v Demetsenare, 14 AD3d 792, 793 [2005] [citation omitted]). Upon review of this record, it is apparent that defendant received the requisite meaningful representation (see People v Henry, 95 NY2d 563,

3

565-566 [2000]).

People v. Jackson, 25 A.D.3d at 1015.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus shall not issue with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication (1) was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 405 (2000); Rosario v. Ercole, 601 F.3d 118, 122 (2d Cir. 2010); Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008).

A state court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412 (2000).   A state court decision involves an unreasonable application of Supreme Court precedent when the state court either identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the case, or unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  Id. at 407.  The unreasonable application clause requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004);  Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  With respect to factual determinations made by the state courts, this Court

4

must apply a presumption of correctness, and Petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. 2254(e)(1); Leka v. Portuondo, 257 F.3d 89, 98(2d Cir. 2001); see Whitaker v. Meachum, 123 F.3d 714, 715 n.1 (2d Cir. 1997) (deference will be given to factual findings by both state trial and appellate courts).

Under the clearly established federal law set forth in Strickland v. Washington, to prevail on a claim of constitutionally ineffective assistance of counsel a petitioner must demonstrate that: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009)(citing Strickland, 466 U.S. at 694)(emphasis added).

"The first prong of the Strickland test is not satisfied merely by showing that counsel employed poor strategy or made a wrong decision. Instead, it must be shown that counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment.'" Jackson v. Moscicki, 2000 WL 511642, at * 7 (S.D.N.Y. April 27, 2000)(quoting Strickland, 466 U.S. at 687). There is a "strong presumption" that defense counsel acted competently, and "the burden rests on the accused to demonstrate a constitutional violation." United States v. Cronic, 466 U.S. 648, 658 (1984); see Kimmelman v. Morrison, 477 U.S. 365, 381 (1985)(Petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.")(citing Strickland, 466 U.S. at 688-89). When examining counsel's performance, the Court must evaluate it "from counsel's perspective at the time of the alleged error." Pitcher, 559 F.3d at 123 (quoting Kimmelman, 477 U.S. at 381).

5

To satisfy the second prong of Strickland, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "It is not enough for the defendant to show that counsel's errors had some conceivable effect on the outcome of the proceeding." United States v. Price, 2010 WL 1949361, at * 2 (E.D.N.Y. May 11, 2010)(citing Strickland, 466 U.S. at 693). "In determining the impact of the alleged errors, the court 'must consider the totality of the evidence before the judge or jury.'" Id. (quoting Strickland, 466 U.S. at 695).

Where, as here, a state court has passed on the merits of an ineffective assistance of counsel claim, Petitioner "must prove that the state court either identified the federal standard for ineffective assistance but applied that standard in an objectively unreasonable way, or that the state applied a rule that contradicts the federal standard." Rosario v. Ercole, 601 F.3d at 122.

> When a federal court reviews a state court decision under § 2254, "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, --- U.S. ----, 129 S. Ct. 1411, 1420, 173 L .Ed.2d 251 (2009) (internal quotation marks omitted). The Strickland standard itself is a "general standard," meaning its application to a specific case requires "a substantial element of judgment" on the part of the state court. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed.2d 938 (2004); accord Knowles, 129 S. Ct. at 1420. Thus, state courts are granted "even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 129 S. Ct. at 1420. In order to prevail, a petitioner must overcome that substantial deference and establish that the state court's decision on ineffective assistance was contrary to, or an unreasonable application of, Strickland.

Id. at 123; see Bell v.. Cone, 535 U.S. 685, 699 (2002)("[U]nder § 2254(d)(1), it is not

6

enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Rather, [a petitioner] must show that [the court] applied Strickland to the facts of his case in an objectively unreasonable manner."); Carrion v. Smith, 2010 WL 457326, at *3 (2d. Cir.  Feb 11, 2010).[2]

In rejecting Petitioner's ineffective assistance of counsel claim, the Appellate Division applied New York's "meaningful representation" standard. People v. Jackson, 25 A.D.3d at 1015. This standard is equivalent to the first prong of the Strickland test. See Rosario v. Ercole, 601 F.3d at 124 ("The first prong of the New York test is the same as the federal test; a defendant must show that his attorney's performance fell below an objective standard of reasonableness.")(citing People v. Turner, 5 N.Y.3d 476, 480, 806 N.Y.S.2d 154, 840 N.E.2d 123 (2005)).  Accordingly, the Appellate Division's review of Petitioner's ineffective assistance of counsel claim was not contrary to clearly established federal law, id. ("For our part, we have recognized that the New York 'meaningful representation' standard is not contrary to the Strickland standard."), nor does the standard contradict Strickland. See id. at 125 ("In defining prejudice to include 'the context of whether defendant received meaningful representation,' New York has, to some degree, combined the two prongs of Strickland.")(citing People v Benevento, 91 NY2d

---

[2]Stating:

"[P]etitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief. That increment, however, need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Jones v. West, 555 F.3d 90, 96 (2d Cir. 2009) (citations and internal quotation marks omitted). Nevertheless, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, --- U.S. ----, 129 S. Ct. 1411, 1420, 173 L. Ed.2d 251 (2009).

708, 713-14 (1998)).[3]

Further, Petitioner has not established that the Appellate Division's review of the ineffective assistance of counsel claim involved an objectively unreasonable application of Strickland. Indeed, given the evidence presented and the arguments of Petitioner's counsel at trial,[4] this Court agrees that trial counsel acted competently in pursuing the strategy he did and, in doing so, provided Petitioner constitutionally effective legal representation. See e.g. Jackson v. Moscicki, 2000 WL 511642, at * 7 ("The first prong of the Strickland test is not satisfied merely by showing that counsel employed poor strategy or made a wrong decision. Instead, it must be shown that counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment.'")(quoting Strickland, 466 U.S. at 687); Mazique v. Ercole, 2008 WL 2884370, at *9 (E.D.N.Y. July 23, 2008) ("The decision to call an expert witness is a strategic decision for the defense counsel, and generally should not be disturbed."); Rep.

---

[3] In People v Benevento, 91 NY2d 708, 713-14 (1998), the New York Court of Appeals held that "meaningful representation" included a prejudice component which focuses on the "fairness of the process as a whole rather than [any] particular impact on the outcome of the case." People v Benevento, 91 NY2d at 714.

[4] Counsel delivered a closing argument in which he challenged the reliability of the fingerprint evidence (T: 152-163). Counsel pointed out that the latent print, allegedly petitioner's, was solely a partial print of a single finger (T: 157). He noted that the two other latent prints next to the partial latent print were never identified by the state's fingerprint expert, and there was not even a thumb print on the box that petitioner purportedly touched (T: 158). Counsel asked rhetorically, "How is that this was identified and the two next to it are not? How is it that an individual lifts a box without using a thumb? Wouldn't you think there would be a thumb print, at least one specimen that you can identify?" (T: 158). In addition to challenging the reliability of the fingerprint evidence, counsel reminded the jury that the police had "proof" that there was a different suspect in the burglary (T: 158), a "white male, five foot ten, stocky build, wearing a three-quarter length Marine coat" (T: 159). And, counsel reminded the jury of both the police testimony on this score, the existence of a police report that indicates that someone matching that description was seen entering Tremblay's house (T: 159), as well as the testimony of Pleat, Tremblay's neighbor (T: 158). Finally, counsel reminded the jury that: no one had testified that petitioner's fingerprints were found at any of the other burglaries (T: 160); no one had testified that petitioner was in the area of the burglaries (T: 160); there was the absence of proof that petitioner stole property from Tremblay's home, and the property taken was valued at over $1,000 (T: 164). Therefore, it is clear that the overall performance of counsel was effective.

Rec. at p. 14 ("The Appellate Division characterized counsel's failure to call an expert witness as a strategic decision, noting that he 'attempt[ed] to discredit the fingerprint evidence through cross-examination and produc[ed] as a witness for the defense a neighbor who reported to police a person in the vicinity of the burglary who clearly did not fit defendant's description.'")(quoting People v. Jackson, 808 N.Y.S. 2d 822).  Petitioner's ineffective assistance of counsel claims fail under the first prong of Strickland, and these claims can be denied on this basis alone. See Carrion, 549 F.3d at 590, n. 4 ("Habeas may not be granted unless the federal court concludes not only that counsel's performance was deficient, but also that the state court's conclusion to the contrary was unreasonable.").

      Furthermore, and for the reasons discussed by Magistrate Judge Treece at pages 12-17 of the Report-Recommendation and Order, it cannot be concluded that Petitioner has met his burden on the second prong of the Strickland test.  As the Appellate Division concluded, "[n]o viable basis has been shown for precluding the fingerprint evidence." Perhaps aware of this, Petitioner's counsel embarked on a strategy to create reasonable doubt by attacking the quality of the fingerprint evidence and the other inconsistencies in the People's case. See fn. 4, *supra.*  Petitioner's belief of an alternative outcome, after reviewing the evidence and conjuring up the potentialities of what might have occurred *if* counsel had done something different, does not create a reasonable probability that the result of the proceeding would have been different.  Petitioner's mere supposition that more pre-trial investigation, or the retention of an expert, might have yielded some ground to create a reasonable doubt in the jury's mind is insufficient to satisfy the prejudice prong of Strickland.  Thus, assuming, *arguendo*, that counsel's trial strategy fell below an

9

objective standard of reasonableness, it cannot be concluded that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Rep. Rec. pp. 12-16. Consequently, the claims also fail on the second prong of Strickland. See James v. Artuz, 2000 WL 375240, at *2 (S.D.N.Y. April 12, 2000)("In any event Petitioner has failed to establish the second prong of the Strickland test since there is no reason to believe that had counsel raised the issue the result would be different.")

## IV. CONCLUSION

For the reasons set forth above and as set forth in Magistrate Judge Treece's Report-Recommendation and Order, the petition is **DENIED and DISMISSED**. The Court determines that the petition presents no question of substance for appellate review and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R.App. P. 22(b). Accordingly, a **certificate of appealability will not issue.**

**IT IS SO ORDERED**

DATED:July 12, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge